## WILSON v PEOPLES RY CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1476. Decided Feb 3, 1938

Jacobson & Durst, Dayton, for plaintiff-appellee.

McMahon, Corwin, Landis & Markham, Dayton, for defendant-appellant.

## OPINION

**By GEIGER, J.**

This action is before this court on appeal from the court below on questions of law.

We will briefly outline the matters called to our attention and in doing so find that it will be advantageous to present the issues and sketch briefly the evidence.

The questions arise out of an action seeking damages due to an accident in which the plaintiff, a minor, and the defendant's street car were involved on March 19, 1935, at the intersection of North Main Street and Parkwood Avenue, in the city of Dayton, Ohio.

It is alleged in the petition that the plaintiff, then a lad of eight years, was returning home from school with a large number of other children, who were engaged in crossing the street with plaintiff; that they were accompanied by a number of other children who had been designated as "school patrol," and that when so crossing the plaintiff was struck by a south bound streetcar, receiving the injuries described.

It is alleged that the defendant, at the time and place, in spite of the fact that there was a large number of school children then engaged in the act of crossing the street, negligently and carelessly failed to keep its car under control, and that the defendant failed to reduce the speed at which the car was moving so that it would be able to stop same before reaching the intersection, and in failing to keep a sufficient lookout for plaintiff, as well as other children, by reason of which the streetcar struck plaintiff.

To this petition the defendant answers, making certain admissions and denying the other allegations, especially all allegations of negligence on its part or on the part of any of its employees, but says the accident was caused solely by reason of the plaintiff's action in running directly with (against?) the front end of the defendant's car.

A verdict was returned in favor of plaintiff; motion for new trial interposed and overruled.

At the conclusion of plaintiff's testimony, a motion for directed verdict was interposed which was renewed at the conclusion of all the evidence and overruled. Judgment was rendered on the verdict in favor of plaintiff and notice of appeal to this court given upon questions of law.

### ASSIGNMENT OF ERRORS

Assignment of errors by defendant include that the court erred in refusing to direct a verdict for the defendant; that the verdict was manifestly against the weight of the evidence and not supported by sufficient evidence, and is contrary to law; that it is exclusive, and for other errors appearing.

It will be noted that no error is specifically assigned touching the trial of the cause or the ruling of the court as to the introduction of evidence or the charge to the jury.

The jury returned a special verdict based upon a form submitted by plaintiff, which it returned without any change from the prepared findings.

Among the special findings is a recitation of the facts leading up to the accident, but few of which are in controversy, especially as to minor details. It recites that there had been provided by the school authorities a "school patrol" equipped with stop signs and other insignia, who at the time the school was dismissed were stationed at the intersection, to assist school children in crossing the street, which fact was known to the defendant; that on the date in question the plaintiff, in company with other children, was at the northwest corner of the street intending to cross Main Street from west to east, in charge of one of the school patrols; that at the time the defendant was operating its streetcar south on Main Street toward Parkwood Avenue, the intersecting street; that William Frazell, the school patrol, seeing the car approaching at about five miles per hour, and about

twenty to twenty-five feet away thought it was going to stop and he intended to escort the children so that they might cross the street. He proceeded from the northwest corner toward the car track followed by some of the children, including the plaintiff, who relied upon him; all were in plain view. Unknown to the patrol boy, the motorman had not intended to stop, and said street-car struck plaintiff as he crossed the street. The motorman at said time was not keeping a lookout and so the said car was not stopped before plaintiff was struck.

The jury found that he was thrown to the ground and suffered certain injuries, and that if the court decided under the special verdict that he was entitled to damages, the jury fixed the sum of $1,000.00.

Other special charges were requested by the plaintiff which the court gave in substance that if the motorman was negligent in the respects charged, and the patrol boy was also negligent, and that the combined negligence of the motorman and patrol boy was the proximate cause of plaintiff's injuries, and if the plaintiff was in the exercise of ordinary care, then the verdict should be for the plaintiff, and further that if the boy used the care which under like circumstances would be expected from an ordinarily careful child of his years and intelligence, then he would not be guilty of any negligence whatsoever, not even in the slightest degree.

On behalf of the defendant a charge was given to the effect that it was the duty of the plaintiff to exercise the care which an ordinary prudent child of his age would have exercised under the same or similar circumstances, and that if he failed to do so and such failure contributed to the accident, the verdict should be for the defendant.

Another charge submitted by the defendant and allowed was to the effect that the motorman under the law was not required to bring his car to a stop simply because children were situated at the corner in question, and if in the exercise of ordinary care he had reason to believe that the patrol boy expected the car to proceed, and that the children would not attempt to cross in front of the car, he was justified in proceeding across the intersection.

The defendant submitted two forms of special verdict which the jury had under consideration but failed to sign. In many particulars they recite the same facts set up in the signed special verdict.

Among the findings of facts included in the first special verdict for the defendant which are not in entire harmony with the signed verdict are that the patrol boy was situated on the corner, and neither of these boys signalled the car to stop; that the one on the northwest corner stepped into the street thinking that because the car was moving slowly that it was going to stop, that the motorman receiving no signal slowly continued on and the patrol boy stepped back to keep the children on the curb. That the defendant darted out from behind the patrol boy and started to run across the street along the north side of the intersection, and that the motorman then attempted to bring the car to a stop but failed to do so until the plaintiff came in contact with the front end of the car; that the car was visible to the plaintiff, and the accident was due to the failure upon his part to use due care to see that the way was clear before running forward, and to the act of the patrol boy in stepping into the street.

The court gave instructions to the jury in respect to each of the special verdicts so submitted.

The evidence in this case, as in most cases, differs as presented by different witnesses, but in the main there is not a great deal of variance as to the actual occurrences.

The evidence given on behalf of plaintiff was largely that of young boys while that on behalf of defendant was offered by adults, at least two of whom were without interest in the case.

There appears to be no question of excessive speed, the car moving not over five miles an hour as it reached the intersection, and it was stopped within two feet when the motorman applied the brakes.

There is evidence of a number of witnesses that they heard no gong sounded by the motorman, but on the other hand there is that given by witnesses for the defendant to the effect that the motorman sounded his gong in warning to the boy who started to run in front of his moving car.

The allegations of negligence upon the part of the motorman are confined to the claim that in spite of the number of children who were engaged in the act of crossing the street, the motorman negligently and carelessly failed to keep his car under control, in that he failed to reduce the speed so as to be able to stop same before reaching the intersection, and failed to keep a sufficient lookout for the plaintiff.

496

All agree that the car was moving very slowly, and the adult witnesses for the defendant who were passengers on the car easily observed the approach of the children, and the motorman stated that he observed the children at the intersection and the sudden forward movement of the injured boy.

The children who testified do not present a picture much at variance with that presented by adults. The plaintiff, who first became a witness in rebuttal, testified that he moved ahead of the patrol boy, and did not see the car. Other persons testified that there was a second boy who preceded the plaintiff and safely passed the moving car, and that the plaintiff followed. That after the patrol boy had returned toward the curbstone, some testified he ran and others that he walked. One boy testified that the plaintiff was knocked down and that the wheels of the car came close to his head. Others testified that he immediately recovered his feet and ran to the sidewalk.

We have diligently searched the record to detect if we could, any evidence that would support the claim of the plaintiff that the motorman was negligent. We find no such evidence.

The motorman approached the crossing at slow speed, which he further reduced and when he observed the patrol boy returning to the curbstone he entered the intersection, and when he saw the plaintiff, in spite of the action of the patrol boy, proceed toward the car, he states that he rang the gong and put on his brakes.

Whether he rang the gong or not the car was stopped in a very short space, and whether the car hit the boy or the boy ran into the car makes no serious difference, because had he observed directions of the patrol boy or used his eyes, he would have been able to avoid coming in contact with the car.

The record is too replete with testimony establishing the action of the █ boy for us to disregard it and say that the plaintiff had established a right to recover.

It seems clear to us that the cause of the accident was the action of the plaintiff in endeavoring to beat the car. Whether or not this was negligence upon the part of the boy of his age is not necessarily of consequence because it is incumbent upon the plaintiff to establish negligence upon the part of the defendant, which we feel he has failed to do.

During the course of the trial, at the conclusion of the plaintiff's testimony and again at the conclusion of all the testimony, a motion for a directed verdict was interposed and overruled.

The fact that the party may elect to stand upon his motion for a new trial does not deprive him of his right to █ ask for final judgment upon █ his motion for directed verdict. If the defendant was in law entitled to final judgment in its favor on the motion for directed verdict, the trial court should have entered it, and if the trial court erred in that respect this court should do what the trial court should have done, to-wit, enter a final judgment in favor of defendant. **Coal Association v Nigh, 131 Oh St 405.**

We are of the opinion that the trial court erred in overruling the motions of the defendant for directed verdict, and this court coming now to do what the trial court should have done will enter judgment in favor of the defendant.

Judgment below reversed and entry accordingly.

BARNES, PJ, concurs.
HORNBECK, J, dissents.

## DISSENTING OPINION

By HORNBECK, J.

The court is not justified in rendering final judgment for the defendant. If the reversal were on the weight of the evidence, a much closer question would be presented. The age of the minor precludes the determination as a matter of law that he was chargeable with contributory negligence. Because of the knowledge of the motorman of the proximity of the school zone, the presence of many young children at the curb preparatory to moving across the street at or about the time that the car would reach the intersection, the probability in one view of the testimony that the patrol boy held up his stop sign high enough to put the motorman on notice, there was a factual question whether slow movement of the car through the intersection was sufficient or bringing the car to a complete stop was required.